NORMAN AND MARLYN CAHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cahan v. Commissioner
Docket No. 26539-82
United States Tax Court
T.C. Memo 1987-54; 1987 Tax Ct. Memo LEXIS 50; 52 T.C.M. (CCH) 1508; T.C.M. (RIA) 87054; January 26, 1987. Norman Cahan, pro se. George W. Reynolds, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge *: Respondent determined deficiencies in petitioners' *51 Federal income tax and additions to tax for calandar years 1976 and 1977 as follows: Additions To Tax Under
Year
Deficiency
Section 6653(b) [1]
1976
$10,830.00
$11,844.00  1977
263.00
8,771.00
Respondent's answer alleged in the alternative that if petitioner Norman Cahan was not liable for additions to tax for fraud under section 6653(b), then he was liable for additions to tax under section 6651(a)(1) and under section 6653(a) for the years 1976 and 1977. The sole issue that the Court must decide is whether respondent's assessment and collection of the additions to tax pursuant to sections 6651(a)(1) and 6653(a), first asserted in his answer, are barred by the statute of limitations. [2]
*52 All of the facts have been stipulated and are so found. Petitioners resided in Huntingdon Valley, Pennsylvania, on the date the petition was filed. Petitioners filed delinquent tax returns for 1976 and 1977. Respondent's notice of deficiency determined the addition to tax pursuant to section 6653(b) against petitioner Norman Cahan. Petitioners timely filed their petition and respondent timely filed his answer thereto. In his answer, respondent plead the addition to tax pursuant to section 6653(b) and plead, in the alternative, the additions to tax pursuant to sections 6651(a)(1) and 6653(a). Petitioners concede the deficiencies in income taxes for both years as set forth in the statutory notice of deficiency. Respondent concedes that petitioner Norman Cahan is not liable for the addition for fraud pursuant to section 6653(b). Petitioner Norman Cahan concedes that he is liable for the additions to tax for failure to file pursuant to section 6651(a)(1) and negligence pursuant to section 6653(a), if these additions are not barred by the statute of limitations. Petitioners suggest that the timely mailing of a notice of deficiency for a taxable year suspends the statute of limitations *53 only with respect to such items contained in the notice. Petitioners contend that since respondent did not raise the additions to tax for failure to file and negligence until he filed his answer that the statute continued to run with respect to such additions. Petitioners' claim is without merit. While, under Rule 142, the burden of proof is on respondent with respect to the failure to file and negligence additions, petitioners have admitted liability for the additions, if they are not barred. It is undisputed that the notice of deficiency was mailed within the three year limitations period under section 6501(a). The mailing of the notice tolls the statute of limitations. See section 6213(a). Respondent may, at the trial, assert a claim for an addition to tax for the year at issue, even though at such time the statute of limitations would bar the assessment were the running of the limitations period not suspended. Section 6214(a); , affg. a Memorandum Opinion of this Court; ; . *54 [3]
Therefore, the additions to tax for failure to file pursuant to section 6651(a)(1) and for negligence pursuant to section 6653(a) as claimed by respondent in his answer are sustained. Decision will be entered under Rule 155.
Footnotes
*. By order of the Chief Judge, this case was assigned to Judge Wells for decision and opinion. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners raise an issue in their brief regarding the applicability of income averaging, which was denied in the notice of deficiency because the correct taxable income for 1975 could not be determined at that time. Petitioner Norman Cahan stated at the call of this case on the calendar that only one issue remained, i.e., the issue considered herein, and he did not indicate that he desired to address the issue of income averaging in his brief. The Court ordered simultaneous memoranda on the sole issue considered herein, without reply, and respondent did not address any issue relating to income averaging. The stipulated facts and the record are devoid of any facts pertaining to the issue of income averaging which would allow the Court to make a determination with respect thereto. The burden of proof is on petitioners. Rule 142(a).↩
3. .↩